[No. 803.   Decided July 6, 1893.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES H. BROWN, *Appellant*.

RESISTING OFFICER — SUFFICIENCY OF INFORMATION — EVIDENCE.

Although the information in a prosecution for resisting an officer does not allege that defendant knew that the officer was a deputy sheriff, when he resisted him, yet, if such knowledge on the part of the defendant sufficiently appears from the reading of the information as a whole, the information is sufficient, under the code, to sustain a verdict, the defendant having gone to trial without interposing a demurrer.

In a prosecution for resisting an officer in the service of a legal warrant, a statement of the facts constituting its legality is better pleading than to allege that the warrant was a legal warrant.

In such a case, where the information alleges that the warrant was issued by a justice of the peace for a certain precinct and county for the arrest of defendant, the fact that in the warrant offered in evidence there were other names mentioned in addition to defendant's, does not constitute a prejudicial variance.

39—6 WASH.

*Appeal from Superior Court, Jefferson County.*

*R. W. Jennings,* for appellant.

*Thomas Fitzgerald,* for The State.

The opinion of the court was delivered by

DUNBAR, C. J.—Appellant was tried and found guilty of resisting an officer. The information on which the conviction was based is as follows:

"Comes now R. E. Moody, prosecuting attorney in and for Jefferson county, State of Washington, and by this information informs against, charges and accuses Charles Brown with the crime of resisting an officer, committed as follows, to wit: The said Charles Brown, on the 5th day of September, A. D. 1892, in the city of Port Townsend, county of Jefferson, State of Washington, then and there being, did then and there knowingly, willfully and unlawfully resist him, one William J. Jones, a deputy sheriff of Jefferson county, State of Washington, duly appointed, qualified and acting as such, while the said William J. Jones as such deputy sheriff aforesaid was serving a warrant charging said Brown with a crime against the laws of the State of Washington, which warrant was duly and regularly issued from a justice of the peace court for the precinct of Port Townsend, Jefferson county, Washington, before and by Oliver Wood, justice of the peace, for the arrest and apprehension of the said Charles Brown, and in attempting to read said warrant to said Brown by said Jones as such deputy sheriff, said Brown assaulted said Jones, said deputy sheriff, by then and there striking said Jones, said deputy sheriff, with his fist and knocking said Jones down, and by drawing a pistol by said Brown upon said Jones, said deputy sheriff, and pointing said pistol at the person of said Jones, said deputy sheriff, all of which is contrary to the statute in such cases made and provided and against the peace and dignity of the State of Washington."

Appellant contends that the information fails to charge a crime, in that it nowhere alleges that defendant knew

Jones to be a deputy sheriff, and further that the information does not allege that the warrant was a legal warrant. This information is probably not as definite as informations of this character generally are, yet under the liberal provisions of our code we think it is sufficient to sustain a verdict, defendant having gone to trial without interposing a demurrer thereto.   The act, which constitutes the crime, is set forth in such a manner as to enable a person of common understanding to know what is intended, and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case, and that is all that is requisite so far as describing the act is concerned.   It is true the information does not say in so many words that defendant knew Jones to be a deputy sheriff when he resisted him, but that knowledge on the part of the defendant sufficiently appears from the reading of the information as a whole, or at least it appears that it was a *de facto* officer who was trying to read the warrant to him, and who was prevented from doing so by defendant's acts.

As to the second objection, the information alleges that the warrant was duly and regularly issued by a justice of the peace court, describing the court, and that it charged the defendant with a crime against the laws of the State of Washington.   This would make a legal warrant; and the statement of facts constituting its legality is better pleading than to plead the conclusion of law.

We think appellant's objection to the sufficiency of the proof is equally groundless.   The information alleged that the warrant was issued by Oliver Wood, justice of the peace for a certain precinct and county; the warrant offered in proof corresponded substantially with the allegations. There is nothing in the objection that the warrant described by the information was not the same warrant introduced in evidence.   It was a warrant against each person named

therein, and the fact that there were other names mentioned in the warrant besides the name of the appellant could in no wise prejudice appellant nor affect his rights in his defense of the crime charged.

The judgment is affirmed.

STILES, ANDERS, HOYT and SCOTT, JJ., concur.