[No. 7204. Decided August 14, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. JACOB KNAPF, *Appellant*.[1]

OBSTRUCTING JUSTICE. An information for resisting an officer in serving or attempting to execute any legal writ, rule, order or process as defined by Bal. Code, § 7208, is defective where it simply charges unlawfully resisting an officer in the levying of an execution issued by a justice of the peace on a certain judgment; but the same must aver that the process was a "legal" process in the language of the statute, or set out its terms so as to show the essentials of a legal process.

SAME—EVIDENCE—ADMISSIBILITY—LEGALITY OF PROCESS—KNOWLEDGE OF OFFICER. In a prosecution for resisting an officer in the levying of an execution which was fair on its face, it is error to exclude evidence of an infirmity in the judgment and that the officer had notice thereof; since an officer is not protected by a writ fair on its face unless he acted in good faith, and would be a trespasser if he had notice of the invalidity of the writ.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered October 26, 1907, upon a trial and conviction of the crime of resisting an officer. Reversed.

*Pruyn & Felkner*, for appellant.

*C. R. Hovey* and *H. W. Hale*, for respondent.

FULLERTON, J.—The appellant was informed against for the crime of resisting an officer, the charging part of the information being as follows:

"The said Jacob Knapf did in the County of Kittitas and State of Washington, on the thirtieth day of May, one thousand nine hundred and seven, knowingly, wilfully and unlawfully resist and oppose A. W. Byars, deputy sheriff of Kittitas county, Washington, in the levying of an execution issued by S. E. Willis, justice of the peace for Cle Elum precinct, Kittitas county, Washington, on a judgment rendered and entered by said justice in a certain cause brought before

[1]Reported in 96 Pac. 1076.

him, wherein Frank Morgan was plaintiff and Jacob Knapf and Bertha Knapf were defendants, by then and there striking and resisting the said A. W. Byars and attempting by force to prevent said A. W. Byars from making said levy, and by also striking and resisting Thomas Johnson, constable for said precinct, who had been authorized and directed by said A. W. Byars to assist him in levying said writ."

After arraignment, he demurred to the information on the ground that it did not state facts sufficient to constitute a crime. The demurrer was overruled, whereupon he pleaded not guilty, and a trial was had before a jury, which resulted in a verdict of guilty as charged in the information. From the judgment pronounced thereon, he appeals.

The first assignment is that the court erred in overruling the demurrer. The statute upon which the prosecution was founded is in the following language:

"If any person knowingly and wilfully resist or oppose any officer of this state, or any other person authorized by law, in serving or attempting to execute any legal writ, rule, order, or process whatsoever, or shall knowingly and wilfully resist any such officer in the discharge of his duties without such writ, rule, order, or process, he shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars nor less than fifty dollars, or by both fine and imprisonment, at the discretion of the court." Bal. Code, § 7208 (P. C. § 1721).

The statute, it will be observed, makes it an offense to knowingly and wilfully resist or oppose an officer who is serving or attempting to serve a legal process; hence, the information, to be sufficient under the statute, must adopt the language of the statute and aver that the process was a "legal" process, or it must set out in terms, or describe it in such a manner that the court can see that none of the essentials of a legal process are wanting. *State v. Flagg*, 50 N. H. 321. The information is lacking in these particulars. It does not aver that the writ the officer was in the act of serving when the offense was committed was a legal writ, nor does it describe it in such a manner as to show it to be a legal writ.

The rule announced in the case of *State v. Brown*, 6 Wash 609, 34 Pac. 133, does not sustain this information. In that case there was an averment of the legality of the process held by the officer, not in the words of the statute, it is true, but in words which the court held to be equivalent to the words of the statute. In the information before us there is no allegation of any kind to the effect that the process in the hands of the officer was a legal process. It follows, therefore, that the court erred in refusing to sustain the demurrer.

The second assignment of error we think is well taken also. The court held on the trial that the officer was protected by a writ fair upon its face, and refused to permit the defendant to show an infirmity in the judgment on which the writ was founded, and that the officer serving the writ had knowledge of that infirmity. But the rule is not so narrow as this. While by the term "legal process" is meant a process fair on its face, and the state in order to make a case need not show that the writ had behind it a valid and legal judgment, yet the officer must act in good faith. He may rely upon a writ fair upon its face to protect him as long as he is without actual knowledge of its invalidity. But if he has such actual knowledge, he becomes a trespasser in executing it. So here the appellant should have been permitted to show, if he could, that the judgment on which the writ was executed was void from the beginning, or had been superseded, and that the officer had actual knowledge of the conditions. 1 Freeman, Execution (3d ed.), §§ 101, 102.

The judgment appealed from is reversed and remanded with instructions to sustain the demurrer.

Hadley, C. J., Mount, and Rudkin, JJ., concur.